IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL S. CHAPMAN, | : Civ. No. 1:23-CV-1498 |
| | : |
| Plaintiff, | : (Judge Wilson) |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| MOTT'S LLP, | : |
| | : |
| Defendant. | : |

MEMORANDUM AND ORDER

I.   Introduction

Pending before the court is the defendant's motion for attorney fees. (Doc. 34). The plaintiff, Crystal Chapman, filed this action in September of 2023 and asserts a claim of retaliation against Mott's LLP, her former employer, in violation of the Family and Medical Leave Act ("FMLA"). (Docs. 1, 7, 13). Throughout the discovery period, Chapman failed to comply with her discovery obligations, resulting in the defendant filing a motion to compel, which we ultimately granted. (*See generally*, Docs. 23-31). The defendant subsequently filed a motion to recover its attorney's fees expended in conjunction with the motion to compel, along with supplemental filings to support the reasonableness of its fees request. (Docs. 34, 36). We gave Chapman several opportunities to respond to the

defendant's motion, but she failed to do so. (Docs. 33, 37).

After consideration, we conclude that the defendant's fees proposed in its supplemental filing are reasonable. Accordingly, we will grant the defendant's motion for attorney's fees and direct the plaintiff to pay the defendant's attorney fees in the amount of $1,391.50.

## Discussion

An initial calculation of attorney's fees requires us to use the lodestar method, which considers the "number of hours reasonably expended on litigation [multiplied by] a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). This initial calculation "is presumed to be the reasonable fee." *Watcher v. Pottsville Area Emergency Medical Serv., Inc.*, 559 F. Supp. 2d 516, 521 (M.D. Pa. 2008) (citing *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008)). The party seeking attorney's fees must prove that the requested fees are reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). As another judge of this court has noted, "[t]he petitioning attorney's usual billing rate is typically a starting point in this calculation, but it is not dispositive." *Hamill v. Twin Cedars Senior Living, LLC*, 2024 WL 4729760, at *13 (M.D. Pa. Nov. 8, 2024) (citing *Ridley v. Costco Wholesale*

*Corp.*, 217 F. App'x 130 (3d Cir. 2007)). The party seeking fees "bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith v. Phila. Housing Auth.*, 107 F.3d 223, 225-26 (3d Cir. 1997). "Courts are to 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hamill*, 2024 WL 4729760, at *13 (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).

To determine whether the number of hours spent on litigation is reasonable, the court looks at "whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Watcher*, 559 F. Supp. 2d at 522-23 (quoting *Public Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted)).

Initially, the defendant proposed a fee amount of $1,900.50, accounting for 3.2 hours of Attorney Smith's work at a rate of $465 per

3

hour and one half hour of Attorney Schroeder's work at a rate of $825 per hour. The defendant's supplemental filing indicates that Attorneys Smith and Schroeder possess over seven and 25 years of experience in litigating complex employment law matters, respectively. (Doc. 36 at 3). The defendant offers to discount these rates to $320 per hour for Attorney Smith and $735 per four for Attorney Schroeder to closer align with the Philadelphia-based fee schedule that has been cited approvingly by district courts. (*Id.* at 4); Community Legal Services of Philadelphia Attorney's Fees Schedule, https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited June 2, 2025).

Given that the plaintiff is proceeding *pro se* and *in forma pauperis*, we believe that the discounted rates of $320 per hour for Attorney Smith and $735 per hour for Attorney Schroeder are reasonable. We further conclude that the total amount of hours expended is reasonable, crediting the defendant that the reported 3.7 hours of work does not include the time spent attempting to obtain discovery responses from the plaintiff. *See e.g.*, *Stein v. Foamex Intern., Inc.*, 204 F.R.D. 270, 273 (E.D. Pa. 2001) (finding a total of 7 hours billed for drafting a motion to compel reasonable); *Focht v. Nationstar Mortgage, LLC*, 2019 WL 4860632, at

\*3 (W.D. Pa. Oct. 2, 2019) (awarding attorney's fees for 4.5 hours billed for a motion to compel).

Accordingly, finding that the defendant's reduced fee request is reasonable, we will grant the defendant's motion for attorney's fees and order the plaintiff to pay a total of $1,391.50 in attorney's fees to the defendant.

## II. Order

In accordance with the foregoing, IT IS HEREBY ORDERED THAT the defendant's motion for attorney's fees (Doc. 34) is GRANTED, and the plaintiff is ORDERED to pay the defendant's attorney's fees in the amount of $1,391.50 **on or before August 1, 2025.**[1]

So ordered this 2nd day of June 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[1] If the plaintiff is unable to pay the full amount ordered by the August 1, 2025 deadline, she shall file a motion with the court prior to the deadline requesting modification of our Order.